## Van Buren's License

*Paul Cauffiel*, for appellant.

*Walter P. Wells*, district attorney, for Commonwealth.

*Marshall R. Anspach*, for Pennsylvania Liquor Control Board.

LEWIS, P. J., March 30, 1938.—This is an appeal from the action of the Pennsylvania Liquor Control Board revoking a retail dispenser's license issued June 1, 1937, to John Van Buren.

The Beverage License Law of July 18, 1935, P. L. 1217, as amended by the Act of June 16, 1937, P. L. 1827, sec. 11(*f*), 47 PS §94, provides that the application for license shall contain, inter alia, the statement, "That applicant is the only person in any manner pecuniarily interested in the business so asked to be licensed, and that no other person shall be in any manner pecuniarily interested therein during the continuance of the license, except as hereinafter permitted".

The law further provides by paragraph XIV of section 23 that it shall be unlawful "For any distributor, importing distributor . . . or his servants, agents or employes, to have in his possession, or to permit the storage of on the licensed premises, or in any place contiguous or adjacent thereto accessible to the public, or used in connection with the operation of the licensed premises, any spiritu-

ous, vinous or alcoholic liquors or alcohol of any sort except malt or brewed beverages."

From the evidence on appeal, it appears that William Stebbins had operated a restaurant with beer license in the State of New York until June 1936, when he was refused renewal of the license. He purchased the Kelly Hotel in the Village of Genesee on January 11, 1937, and leased it on January 19, 1937, to John Van Buren. Stebbins, having been a resident of New York State, was not eligible for a beer license in Pennsylvania, but Van Buren procured such a license. The lease called for $40 per month rental. Stebbins lived at the Kelly Hotel, where he had his board without charge, and where he participated in the management, making purchases and paying bills.

Van Buren lived on a farm eight miles from the hotel, had no automobile, and while he spent some time at the hotel property, went home each night to his farm, leaving Stebbins in charge of the hotel business. In addition to paying the $40 per month rent and furnishing Stebbins with his board and room at the hotel, Van Buren made certain improvements to the hotel property and equipment out of the profits of the business which he was not obligated to make by the terms of the lease.

Many of the supplies for the hotel were purchased in Stebbins' name and bills therefor were rendered to him. These facts, and others disclosed by the record, indicate a situation which should not have been permitted to exist, and which we are convinced justified the Pennsylvania Liquor Control Board in its action on December 20, 1937, in revoking the license issued to Van Buren.

Among the reasons given by the board for revocation and the forfeiture of the bond was the allegation that liquor had been kept upon the premises in violation of the act of assembly above quoted. The officers of the control board investigating the premises found a whiskey bottle with about an ounce of whiskey remaining in it,

but its presence there was satisfactorily explained by witnesses known to the court to be credible. It apparently was upon the premises not by the act of the licensee, his agents, or employes.

### Order

And now, March 30, 1938, the appeal of John Van Buren from the action of the Pennsylvania Liquor Control Board taken on December 20, 1937, insofar as it relates to the forfeiture of the bond is sustained; insofar as it relates to the revocation of the license, the appeal is dismissed.